981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William ADAMS, Petitioner-Appellant
v.
Carl ZENON, Defendant-Appellee.
 No. 91-36248.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Dec. 28, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Adams appeals the district court's denial of his petition for a writ of habeas corpus. He raised five grounds for habeas relief in the court below, but raises only one on appeal: that he was denied the effective assistance of counsel when his attorney inadvertently revealed to the prosecution a fact that made Adams eligible for conviction for aggravated murder, a crime potentially punishable by death. We affirm.
 
 
 3
 * Adams was arrested and charged with murder on July 15, 1986. After conferring with Adams, his trial counsel, Philip Lewis, concluded that he had a colorable partial defense of extreme emotional disturbance (EED) to the charge of murder. If proven, EED would reduce the charge from murder to first degree manslaughter. Or.Rev.Stat. §§ 163.135(1), 163.118(1)(b).
 
 
 4
 Lewis had Adams evaluated by two psychologists, who assessed Adams' mental condition at the time of the offense and concluded that the EED defense had merit. Because Lewis decided to offer these favorable reports at trial, he provided copies of them to the prosecutor, as required by Oregon discovery rules. Or.Rev.Stat. § 135.835(2). Both reports mentioned that Adams was an escapee from a California jail at the time of the homicide. Under Oregon law, a murder committed while on escape status fulfills the requirement for aggravated murder, a crime punishable at the time by death or imprisonment for life, with a minimum sentence of 30 years without possibility of parole. Or.Rev.Stat. §§ 163.095(2)(f), 163.105(1).
 
 
 5
 The prosecutor had not been aware of Adams' escapee status until he read one of the psychologist's reports. The computer record printout of Adams' criminal history had not contained any reference to Adams' escape, because the California authorities had decided not to seek Adams' extradition and therefore had not entered the escape into Adams' records.
 
 
 6
 Upon learning this information, the prosecutor informed Lewis that he intended to seek a new indictment, for aggravated murder, but if Adams pleaded guilty to the pending charge of ordinary murder, the prosecution would not object. After some discussion, the prosecution and the defense agreed to a stipulated facts trial to the court of the original murder charge.
 
 
 7
 After the stipulated facts trial, Adams was found guilty of murder and sentenced to life imprisonment with a 10-year minimum. Adams exhausted his state remedies and then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged five grounds for relief, among them ineffective assistance of counsel. The district court denied the petition and dismissed the action. Adams appeals the denial of the claim for relief based on ineffective assistance of counsel.
 
 II
 
 8
 To establish ineffective assistance of counsel requiring reversal of a conviction, a criminal defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). On the same day that Strickland was handed down, the Supreme Court also established an exception to the deficient and prejudicial performance standard by holding that certain circumstances in a criminal trial are so likely to prejudice the accused that no actual showing of prejudice need be made; ineffective assistance is presumed. United States v. Cronic, 466 U.S. 648 (1984).
 
 
 9
 In Cronic, the Supreme Court identified two circumstances as being presumably prejudicial: the accused being denied criminal counsel at a critical stage of his trial or counsel entirely failing to subject the prosecution's case to meaningful adversarial testing. 466 U.S. at 659. We have interpreted Cronic as applying only "where there has been an actual breakdown in the adversarial process at trial." Toomey v. Bunnell, 898 F.2d 741, 744 n. 2 (9th Cir.), cert. denied, 111 S.Ct. 390 (1990).
 
 
 10
 The circumstances in the present case were far from being a complete breakdown of the adversarial process. Lewis appears to have represented Adams vigorously and competently throughout the trial; one inadvertent slip does not a complete breakdown make. Therefore, the Cronic presumption does not apply and we must evaluate Lewis' performance under the Strickland standard.
 
 III
 
 11
 Showing deficient performance under Strickland requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688.
 
 
 12
 Because Lewis planned to assert the EED defense at trial, he had an obligation to deliver the psychologists' reports to the prosecutor. Although it might have been wiser for him to have deleted the information about Adams' escapee status (or obtained new reports if the information was material to the psychologists' findings), his assumption that the government already knew about Adams' escapee status was not unreasonable. He had no way of knowing that the California authorities would not have entered the information in their records. We thus find that Lewis' performance was not deficient under Strickland.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This deposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3